**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     Case No. 3:18-CR-073(3)

                                                              **Judge Thomas M. Rose**

ANDREW C. HESS,

        Defendant.

## SENTENCING MEMORANDUM OF ANDREW HESS

Andrew Hess proposes that the Court impose the sentence recommended by the United States Probation Office. The recommended sentence would be a deviation below the advisory sentencing guidelines.

A sentence that includes three years of supervised release would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). It would be justified upon consideration of all the § 3553(a) factors and would reflect the seriousness of his offense, promote respect for the law and would provide just punishment for this offense. The sentence recommended by the United States Probation Office would be sufficient, but not greater than necessary to afford adequate deterrence for criminal conduct and would protect the public from further crimes by this Defendant. The proposed prison sentence would also avoid unwarranted sentence disparities with similar records who have been found guilty of similar conduct. The proposed sentence would recognize the need to provide restitution to all the victims of this offense.

Mr. Hess asks that this Court consider the nature and circumstances of his offense and his history and characteristics to tailor a sentence that accomplishes the statutory purposes of sentencing.

**Objections to the Final Presentence Investigation Report**

The are no objections to the Final Presentence Investigation Report.

**The Nature and Circumstances of the Offense**

The Presentence Investigation Report accurately traces Andrew Hess's life from childhood to a responsible adult, husband and father. He has maintained steady employment throughout the majority of his adult life. Andrew Hess is not burdened with the alcohol or drug addiction issues that this Court see all too often. Mr. Hess simply found himself involved with an employer who facilitated criminal conduct, and he understood every aspect of his criminal behavior within the scope of his job duties. Despite that understanding, Mr. Hess maintained his employment and continued to work for the company. That decision has come at the high cost of a federal conviction that jeopardizes his life and the well-being of his family. The stigma of his felony conviction will be "permanent and pervasive." *United States v Smith*, 683 F. 2d 1236, 1240 n. 13 (9th Cir. 1982)

**History and Characteristics**

Mr. Hess acknowledges that nothing in his background can excuse his criminal conduct. The Defendant's history and characteristics do explain, however, why a deviation from the advisory sentencing guidelines would best accomplish the statutory purposes of sentencing.

Andrew Hess grew up close with his family, living with his grandparents most of his childhood. He graduated with a high school diploma in 2005 and after, attended college at Stark State College to study computer networking. Shortly after beginning college classes, Andrew's daughter was born, and he immediately found full time employment to support her and his wife. Mr. Hess is currently employed as a landscaper, providing financial support for his wife and two children.

**The Need to Protect the Public from Further Crimes of the Defendant**

The circumstances of this crime and his background do not suggest that Andrew Hess is a threat to the public. As the Presentence Investigation Report notes, Mr. Hess has otherwise shown that he can be an upstanding member of society.

**The proposed prison sentence would avoid unwarranted sentence disparities with similar records who have been found guilty of similar conduct.**

Sentencing courts should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall*, 552 U.S. at 52-53. Accordingly, punishment "should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476 (2011). Punishment for a crime should be graduated and proportioned to both the offender and the offense. The circumstances of Andrew Hess make a compelling argument in favor of mitigation.

All this is noted not to minimize the criminal conduct involved in this case. Mr. Hess's conduct was made within the scope of his employment, providing this is not something Mr. Hess facilitated or did without the help of his employer or other employees at the company. Despite Mr. Hess not having facilitated the conduct on his own, he takes full responsibility for his actions and knows he should not have participated in the conduct. As the Supreme Court recognized in *United States v. Gall*, even a probationary sentence is not granted out of a spirit of leniency. 552 U.S. 38, 595-6 (2007).

**The proposed sentence would recognize the need to provide restitution to all the victims of this offense.**

Andrew Hess's current employment will allow him to pay any and all restitution ordered by this Court.  As previously discussed, Mr. Hess has maintained employment and he is currently employed at Hohr Son's Nursery full time. This employment will also permit him to satisfy the fine that will be imposed by this Court and set him on the road to financial stability, ensuring there will be no further similar acts.

**Conclusion**

Andrew Hess has accepted responsibility for his criminal conduct. He is incredibly remorseful for the part he took in this case and the impact it has caused. He is asking the Court to find that the sentence proposed by the United States Probation Office is reasonable because of the circumstances of this case, his history and because of the consequences he will suffer for the remainder of his life as the result of this conviction.

Respectfully submitted,

*s/ Brian Joslyn*
**Brian Joslyn** (0087356)
501 South High Street
Columbus, Ohio 43215
(614) 444-1900
brian@joslynlawfirm.com
Attorney for Andrew Hess

## Certificate of Service

The undersigned hereby certifies that on February 26, 2019, he electronically filed the foregoing Sentencing Memorandum with the Clerk of Courts using the CM/ECF system, which will send a copy of such filing to counsel for the Government.

*s/ Brian Joslyn*
**Brian Joslyn** (0087356)
